UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVELYN BAYO' ANTONSEN,      :   No. 02-CV-2724
       Plaintiff,      :
v.      :
ALLENTOWN SCHOOL DISTRICT,      :   JURY TRIAL DEMANDED
       Defendant.      :

### ANSWER ON BEHALF OF DEFENDANT TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DEFENDANT

1. Admitted.

2. Denied as stated. At the deposition of Ray Erb, Plaintiff requested specific additional documents which had not been requested in Plaintiff's first discovery requests. By way of further answer, Defendant's initial and supplemental response to Plaintiff's first discovery request encompassed over 3,000 pages. It is further averred Exhibit "B" speaks for itself.

3. Denied. Defendant forwarded extensive additional documents to Plaintiff on July 1, 2003, by overnight mail. See attached response to Plaintiff's informal request for additional documents as Exhibit 1 (Defendant has not attached the documents produced as it encompasses over 869 pages).

4. Admitted. By way of further answer, exhibit "C" speaks for itself.

5. Denied. Paragraph 5 contains legal conclusions to which no response is required. In the event a response is required, paragraph 5 is denied.

6. Denied. Defendant has objected to Plaintiff's request that Dr. Erb review all board minutes from 1993 to 2003 (a ten year time period) to determine information which is sought by Plaintiff. By way of further answer, this request seeks information which is unduly burdensome and oppressive. Searching the full scope of Plaintiff's request would involve documents in excess of 10,000 pages. This is a request which requires extensive research, compilation of data and/or evaluation of data. Defendant is not required to prepare Plaintiff's case. <u>IBP, Inc. v. Mercantile Bank of Topeka</u>, 179 F.R.D. 316, 321 (D.Kan. 1998). Additionally, in accordance with Fed.R.C.P. 33(d) "...it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries..". Without waiver of said objection, it is submitted that the board minutes from 1993-2003 are public records and may be reviewed by Plaintiff's counsel at the School District office at 33 South Penn Street, Allentown, Pennsylvania. By way of further answer, copies of the minutes may be obtained by Plaintiff's counsel at his expense and planning.

7. Denied. Paragraph 7 contains legal conclusions to which no response is required. In the event a response is required, paragraph 7 is denied.

WHEREFORE, Defendant Allentown School District respectfully requests Plaintiff's Motion be proclaimed moot.

>RESPECTFULLY SUBMITTED,
>KING, SPRY, HERMAN, FREUND & FAUL
>
>/S/ John E. Freund, III, Esquire
>John E. Freund, III, Esquire
>One West Broad Street, Suite 700
>Bethlehem, PA 18018
>610.332.0390
>ID 25390