UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN BAYO' ANTONSEN, | : | No. 02-CV-2724 |
| Plaintiff, | : | |
| v. | : | |
| ALLENTOWN SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES AND MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE

1.-10. Defense counsel is unopposed to Plaintiff's Motion for Extension of Deadlines if the deadline for dispositive motions is also extended. Defense counsel **does** oppose Plaintiff's Motion for Extension if the dispositive motion deadline is not adjusted to coincide with or succeed the discovery deadline.

WHEREFORE, Defendant Allentown School District respectfully requests, if Plaintiff's Motion for Extension of Deadlines is not adjusted to include an extension of the dispositive motion deadline, Plaintiff's Motion be denied. If Plaintiff's Motion is adjusted to include an extension of the dispositive motion deadline, Plaintiff's motion be granted.

### MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE

1. By order of March 25, 2003, the discovery deadline in this case was set for June 30, 2003.

2. Plaintiffs' expert deadline was set for June 30, 2003 and Defendant's expert deadline was set for July 31, 2003.

3. The dispositive motion deadline was set for August 15, 2003.

4.  On June 12, 2003, Plaintiff's counsel forwarded a request to Judge Gardner for a 90-day extension of time of all of the deadlines. Attached to the request was a stipulation signed by both counsel. (See attached letter and stipulation as Exhibit "A")).

5.  This extension would have allowed Defendant's counsel until November 14, 2003, to file a dispositive motion.

6.  On June 26, 2003, Plaintiff's counsel forwarded a letter to Judge Rapoport requesting his assistance in securing an extension of the deadlines. (See attached letter as Exhibit "B").

7.  On July 10, 2003, Plaintiff's counsel left for California.

8.  On July 18, 2003, Defendant's counsel forwarded a letter to Plaintiff's co-counsel, A. Martin Herring, requesting information regarding the 90 day extension of time. (See attached letter and fax transmission as Exhibit "C"). In the letter, Defendant's counsel expressed concern that no information was forthcoming regarding the deadline extension.

9.  On or about July 19, 2003, Defendant's Paralegal spoke with Attorney Herring on the telephone and he assured her that Mr. Springer had taken care of the matter prior to leaving for California.

10. Defendant's counsel reasonably relied upon the representations of Plaintiff's counsel that he had secured the extension of the deadlines until September 30, 2003, for discovery and November 14, 2003, for

dispositive motions.

11. On September 19, 2003, Defendant's counsel received a telephone call from Judge Gardner's office requesting trial briefs for trial on October 20th.

12. Defendant's counsel was shocked to learn that the deadlines had not been extended.

13. Defendant's counsel reasonably relied upon the representations of Plaintiff's counsel and believed that the dispositive motion deadline was set for November 14, 2003.

14. On September 16, 2003, upon request of Plaintiff's counsel, Defendant's counsel signed a consent to jurisdiction by a Magistrate Judge. (See attached document).

15. Plaintiff's counsel represented that he was filing the consent with the Court.

16. There is no indication that Plaintiff's counsel actually filed the consent with the Court.

17. Plaintiff's counsel has consistently failed to follow through on his representations to Defendant's counsel.

18. Defendant has not previously initiated any requests for extension or modification of pretrial or trial schedules.

19. Defendant will be severely prejudiced by its inability to file a

dispositive motion.

20. Defendant's inability to file a dispositive motion will unnecessarily complicate trial in this matter by allowing multiple undefined issues and theories to be produced.

21. Allowance of an extension of the dispositive motion deadline will not interfere with the start of trial, tentatively scheduled to begin February 2, 2004.

22. Based on the record to date, Defendant feels there is substantial merit in filing a dispositive motion.

23. Defendant hereby respectfully requests this Honorable Court extend the deadline for dispositive motions an additional thirty (30) days from the date of this Court's Order on this Motion.

WHEREFORE, Defendant Allentown School District respectfully requests that the deadline for dispositive motions be extended an additional thirty (30) days from the date of this Court's Order on this Motion.

KING, SPRY, HERMAN, FREUND & FAUL

/S/ John E. Freund, III, Esquire
John E. Freund, III, Esquire
One West Broad Street, Suite 700
Bethlehem, PA 18018
610.332.0390
ID 25390